# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| CYRILL A. KOLOCOTRONIS., | ) |
| Plaintiff, | ) |
| v. | ) No. 06-4005-CV-C-SOW |
| MISSOURI GOVERNMENT COPS AND PROSECUTORS, | ) |
| Defendants | ) |

## REPORT AND RECOMMENDATION

Plaintiff Cyrill Kolocotronis, an inmate confined at Fulton State Hospital, a Missouri mental institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Plaintiff names as defendants "Missouri Government Cops and Prosecutors."

In plaintiff's complaint, he asks the court to stop a practice by police and prosecutors which plaintiff read about in a newspaper. His complaint does not deal with any conduct of police officers or prosecutors involving plaintiff. No proper defendant is named.

Plaintiff has requested leave to proceed without paying the filing fee, pursuant to 28 U.S.C. § 1915. Under section 1915, the court may waive filing fees and costs if it finds a plaintiff is indigent and if the claim should not be dismissed on certain other enumerated grounds. If appropriate, the court may impose a partial filing fee under L.R. 83.7. In re Williamson, 786 F.2d 1336 (8th Cir. 1986).

Plaintiff's affidavit indicates that he is indigent and currently unable to pay the full filing fee. Nevertheless, when a plaintiff seeks leave to proceed without prepayment of the filing fee, the court must dismiss the case if it finds the claim to be frivolous or malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). The term "frivolous," as used in the statute,

does not necessarily imply the plaintiff's claims are unimportant, but may mean only that the federal court lacks the authority to address them.

Case law indicates that where a plaintiff seeks leave to proceed under section 1915, a claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989). The statute has been interpreted to give the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Baseless factual contentions are those that are "fanciful," "fantastic" or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citation omitted).

A general order was entered by this Court on August 28, 2003, (Attachment 1) forbidding plaintiff from filing further lawsuits in this Court unless it is determined that plaintiff's allegations involve some misconduct on the part of his guardian or that plaintiff is in some real danger of harm which is not adequately being addressed by his guardian and the state. In Re Cyrill Athanasios Kolocotronis (W.D. Mo. Aug. 28, 2003); see also Kolocotronis v. Reddy, 247 F.3d 726, 727-28 (8th Cir. 2001) (mental patient who is a frequent filer of complaints that are often dismissed may be forbidden from filing further lawsuits without leave of the District Court).

Plaintiff's claims do not allege a threat of some real danger of harm to plaintiff or contain allegations of guardian misconduct; therefore, plaintiff may not bring his claim without the consent of his guardian. Id.

IT IS, THEREFORE, RECOMMENDED that plaintiff be denied leave to proceed in forma pauperis and his claims be dismissed, pursuant to the general order In re Cyrill Athanasios Kolocotronis (W.D. Mo. Aug. 28, 2003), and for failure to state a claim, pursuant to 28 U.S.C. § 1915.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

2

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. See L.R. 74.1.

Dated this 27th day of February, 2006, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

3